No. 965
STATE ex v. GRAY et.
Ohio Appeals, 9th Dist., Wayne Cc.
No. 808. Decided Oct. 16, 1925

313. CORPORATIONS—1. Majority of stock controls the voting on any subject; unless there is a statutory provision to the contrary or fraud.

2. A stockholder, at an annual meeting for election for directors is based upon the extent of the interest of such stockholder as shown by the number of shares owned by him.

3. This applies to all question arising at the meeting upon which there is a division of opinion and as to which there is a timely request to permit such stockholder to have his vote counted in accordance with the number of shares owned by him.

WASHBURN, J.

This is a proceeding in quo warranto and is a contest between two factions among the stockholders of the Wooster Milling and Grain Co., one faction being headed by Charles Gray et al., and the other by A. G. Smith who brought this action.

On July 1, 1925, the stockholders of the company met in annual meeting for the purpose of electing a board of directors, at which meeting then were present the owners of all the stock, either in person or by proxy; and the Smith faction held more than a majority of the stock.

The Gray faction for the purpose of gaining time in which to file a financial report which was then not ready, moved to adjourn the meeting until July 15, 1925 and that motion was seconded. There was a vote upon the motion and the Smith faction contended that the vote should be determined by the number of shares of stock voting for or against the motion. When the names of the owners of the Smith stock were called they announced their votes by shares and announced more than a majority of the shares of the corporation as being opposed to the adjournment.

The Smith faction was but three in number, the Gray faction fourteen; and while a majority of the shares of stock voted against the adjournment, the individual owners, by a large majority, voted in favor of it. The Smith faction objected when the chairman ordered the meeting adjourned and requested the chairman to proceed with the meeting and election of directors, which he declined to do. The Smith faction then proceeded with the election of the directors; and though most of the owners of stock represented by the Gray faction remained in the room they refused to participate in the proceedings.

Three members of the Smith faction were elected directors and subsequently such directors elected officers and demanded that the Gray officers step aside and turn over the business and affairs of the corporation to the new officers, which the Gray faction refused to do. So this action in quo warranto was brought in the Court of Appeals by the Smith faction, to oust the hold-over officers of the Company who belonged to the Gray faction and put the newly elected officers of the Smith faction in control of the affairs of the Company. The Court of Appeals held:

1. It is claimed that insomuch as but three directors were selected by the Smith faction, it is impossible to tell which three of the old directors were displaced, and that therefore the selection of the new board is illegal.

2. This question is disposed of in State ex. v. Du Brul, 100 OS. 272, wherein it was decided that if a majority of the board of directors are selected at an annual meeting, they constitute a board of directors, and as such board succeed to the old board, and that none of the members of the old board hold over under such circumstances.

3. The contention by the Gray faction that

## STATE COURT OF APPEALS—Continued

one of the Smith faction was not entitled to vote his 75 shares of stock for the reason that they had not been transferred on the books of the Company for 10 days preceding the meeting, is correct. But this determination does not affect the result of the case; for disregarding the 75 shares, the Smith faction had at all time a majority of shares.

4. Section 8638 GC. provides that a corporation "may" provide in the articles of incorporation that each stockholder, irrespective of the amount of stock he owns shall be entitled to one vote and no more - - - - etc., but when no such provision is made then the corporation is governed by 8636 GC. which provides that at election of directors each stockholder shall have the right to vote in person or by proxy the number of shares owned by him, and that a majority of the number of shares shall be necessary for a choice.

5. It is generally held that not only in elections but in voting on any other subject, the majority of stock controls, unless there is a statutory provision to the contrary, or fraud.

6. In the instant case said meeting was not legally adjourned. It was continued and an election of directors was had by a majority of all the stock of the corporation; and therefore such directors so elected must be recognized as the board of directors having charge of the affairs of the corporation and such officers elected by the board are entitled to perform the duties of the offices to which they the elected and the former officers have no right to prevent the new officers from taking charge of and conducting the affairs of the corporation.

7. The prayer of the petition on part of the newly elected officers is granted.

Decree accordingly.

Attorneys—Walter J. Mougey, E. S. Wertz, Wooster; and Bulkley, Hauxhurst, Jamison & Sharp, Cleveland, for State ex; Weygant & Ross, Wooster, for Gray et.